The Bill states that, on February 13, 1838, Simon Hancock, Senr., conveyed by deed to his wife, Elizabeth, and to the plaintiffs, his children, in equal, undivided shares, a tract of land containing 400 acres ; that said Elizabeth, after the death of the grantor,, intermarried with David Gurganus, and afterwards (September 1, 1834,) united with him in conveying her undivided fourth part of said land to the defendant, and that, from the time of such conveyance, the defendant had been in possession of the whole tract; and the bill prays for partition of the land, and an account from defendant, as to the rents and profits. There is no allegation in the bill that defendant had committed any waste on the premises, and Gurganus and wife are not parties.
The defendant, in his answer, admitted these allegations of the bill, but insisted that as neither Gurganus and wife, from whom he purchased, nor himself, had ever had in actual cultivation so much as one-fourth part of the *299 whole tract, he was not liable to account to plaintiffs for the rents and profits.
The land was sold for partition, by order of the Court, in October 1838.
At the first hearing, it appeared that Gurganus had cleared a portion of the land, while it was in his possession, and that after the sale to defendant, he had cleared another portion, had repaired the fences, and put up some small buildings ; and the Chancellor decreed that defendant was chargeable with three-fourths of the rent, from the time he came into possession until the land was sold; and that if his clearing impaired the value of the land when brought to sale, he should be charged with waste, in proportion to the interests of his co-tenants; but if, by the clearing or any other labor, he enhanced the value of the premises at the sale, he should be entitled to compensation by way of set off.
The commissioner made a report, in conformity to the principles of this decree, charging defendant with three-fourths of the rent, and giving him credit for the value of various improvements made by him on the premises.
The defendant appealed, and at December Term 1840, the Court of Appeals, by Chancellor Johnston, pronounced the following decree:
“It appears that the questions respecting rent, involved in the appeal, were decided several years ago, in two oases, yet in manuscript; and which, it is regretted, have not been reported. I refer to the cases of Thomson vs. Bostick, (MS. E. 345*) and Kerr vs. Robertson, (MS. F. 74;) of which I never heard, until they were suggested on the argument of this appeal. The general rule established by them is, that as between co-tenants the occupying tenant is liable for the rent of so much of the premises as was capable of producing rent at thé time he took possession; "but not liable for what was rendered capable by his labor. If he commits waste (and the pleadings make a case of waste) he is liable for that. If he makes improvements he is not entitled to raise a charge for them. It is unnecessary to do no more than state what the cases decide. *300 For the reasons of the decision, I refer to the opinions delivered in the cases themselves. A motion was made that the defendant’s share of the land, sold in this case, be retained, in order to satisfy out of it, what shall be established against him on the score of rent. It was not shown that he was insolvent, or in doubtful circumstances, nor was any special reason assigned why the order should be granted; and certainly he should not have been subjected to the loss which would have accrued from granting the motion, unless for some-reason rendering it necessary.
The Court is of opinion that it was properly refused ; and dismiss the plaintiffs’ appeal on that point. Let the circuit decree be modified, and let the report be recommitted to be reformed according to this opinion.”
The- commissioner, May 13, 1841, heard the testimony of two witnesses, Curry and Mays, offered by plaintiffs, who deposed that there were from 70 to 80 acres cleared on the tract, when Gurganus took possession ; that Gur-ganus cleared 25 or 30 acres; that defendant cultivated from 40 to 50 acres of the 70 or 80 first cleared, worth $75 a year for rent, and that he also cultivated the portion cleared by Gurganus, which was likewise worth $75 a year for rent; that plaintiffs, who are the children of Mrs. Gurganus, lived on the land, in the family of Gurganus, while he remained upon it, and that their negroes, (a fellow and a woman, besides a woman who labored in the house, and some children) assisted the negroes of Mrs. Gurganus, (two fellows,) in clearing the land; that plaintiffs were too small to be capable of work themselves, and being without guardians, Gurganus controlled all the negroes; that Gurganus worked little himself, and was believed to be insolvent. Upon this testimony, the commissioner in his Report charged the defendant for rent, with three-fourths of $75 a year, for 1835 — -1838, with interest from the end of each year, making in the aggregate $286 66; with interest on $225 from June 1, 1841. To this report the plaintiffs excepted, that defendant should be charged with rent of the land cleared by Gurganus, or at least as to so much of this portion as was cleared by the negroes of plaintiffs.
*301 Upon, this report and the exceptions to it, Chancellor Johnson pronounced the following decree:
The defendant, by his purchase fr°m Gurganus, acquired, of course, all the rights which he had in the premises ; and the question raised by the complainants’ exceptions to the commissioner's report is, what were those rights ?
It is conceded on all hands, that he was entitled jointly with the complainant, as tenants in common; consequently he would be entitled to one-fourth part of the rents and profits, and the defendant being in the possession and use of all the productive lands must account to the complainants for three-fourths of the rents, unless it be shown that the complainants hare been compensated in some other manner. And it is said for the defendant, that a part of the land was cleared and put in a condition for cultivation by the labor of Gurganus, and it is insisted that he ought not to account for the rents of this portion of it.
The general rule, as laid down by the Court of Appeals, in this case, is that the occupying tenant is not liable for the rents of land rendered productive by his own labor; but this must be received with some qualification. It never was intended, that because he cleared and enclosed land, he might use it without charge, until in the ordinary way it is worn out and rendered useless. That, in effect, would be waste, for which he would be accountable in the form of rents.
The extent of this accountability may be ascertained, by charging him with the annual rents, from the time the land was brought into cultivation, and crediting him with the value of the labor employed in clearing and enclosing; or, as I have often known practiced, by regarding the labor as equivalent to two, three or more years yearsr purchase, according to the quality of the land and the labor employed.
I do not observe, that the time at which the land was cleared by Gurganus is any where stated, but if lie had not been compensated for the labor employed, by the use according to the foregoing rule, the defendant would have a right to the use until the compensation was full. As before observed, he came in with all the rights of Gurgan-us. He cannot in any event be charged with rents before he entered.
*302 I concur entirely with the Commissioner, that the accounts between Gurganus and complainants, either for the rents, or the labor of their slaves employed in clearing the land, cannot enter into this case. He is not a party, and for any thing that we know or can know, he has already accounted with them; and if he has not, he is liable to account.
It is ordered, that the report be referred back to the commissioner, to state the accounts according to the foregoing principles.
The defendant moved to reverse the decree, and to confirm the commissioner’s report, on the ground:
That as neither the pleadings, nor the proofs, make a case of waste against the defendant, and as he came into possession of the premises with all the rights of Gurganus he is liable, as occupying tenant, to his co-tenants, for the rent of so much of the premises only, as was capable of producing rent at the time Gurganus took possession.
The complainants appealed from the decree on the following grounds:
1st. Because Gurganus and wife and the complainants having resided on the land, as tenants in common, up to the time of the sale to the defendant, working their hands together, and living together as a family, connected with the fact, that Gurganus was, and is utterly insolvent, and never raised any claim against the complainants for board, are sufficient grounds to charge the defendant with three-fourths of the rent of all the cleared land at the time he took possession; and to deprive him of any claim to exemption from accounting for the rent of so much of the land, as it is supposed was cleared by the negroes of Gurganus.
2d. Because, in any view, the defendant ought to be charged with three-fourths of the rent, of so much of the land as was cleared by the complainants; hands before 1835.

Reported in this volume, ante.